|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| *versus* | § | CASE NO. 4:16-CR-125(2) | |
| | § | | |
| MARIA NUNEZ | § | | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Maria Nunez's ("Nunez") *pro se* Petition for Safety Valve Provision 18 U.S.C.S. § 3553(f) Sentence Reduction Pursuant to the First Step Act 18 U.S.C.S. § 3582(c)(1)(B) (#141), wherein she seeks a ten-year sentence reduction and the removal of the firearm enhancement.  Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion is without merit.

I.  Background

On October 5, 2016, a grand jury in the Eastern District of Texas returned a single-count First Superseding Indictment charging Nunez and two codefendants with Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846. On May 3, 2017, Nunez pleaded guilty to the sole count of the First Superseding Indictment pursuant to a non-binding plea agreement.  Nunez's Presentence Investigation Report ("PSR") included a 2-level increase under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1) for possession of a dangerous weapon in connection with this offense.  On September 15, 2017, the court sentenced Nunez to 210 months' imprisonment, followed by a 5-year term of supervised release.  In the pending motion, Nunez asserts that she is eligible for a reduced term of imprisonment under the Safety Valve Provision, 18 U.S.C. § 3553(f), and should not have been assessed a 2-level increase under § 2D1.1(b)(1).

II.   Analysis

The court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *United States v. Alonzo*, 516 F. Supp. 3d 623, 624 (E.D. Tex. 2021). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021) ("Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),' so long as the 'reduction is consistent with applicable policy statements.'"); *Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Nunez first seeks a reduction in her sentence based on the changes made to the Safety Valve by Section 402 of the First Step Act of 2018.  The Safety Valve allows a court to impose a sentence below the statutory minimum sentence for certain offenses where five criteria are met:

(1) the defendant does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *United States v. Anchundia-Espinoza*, 897 F.3d 629, 632-33 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019); *United States v. Cruz-Romero*, 848 F.3d 399, 401 (5th Cir.), *cert. denied*, 137 S. Ct. 1606 (2017).  As a general rule, the party seeking a sentencing adjustment has the burden of proving by a preponderance of the evidence

facts to support the adjustment. *See United States v. Adams*, 791 F. App'x 494, 495 (5th Cir. 2020); *Anchundia-Espinoza*, 897 F.3d at 634 (citing *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016)); *Cruz-Romero*, 848 F.3d at 402; *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

While Section 402 of the First Step Act changed the criminal history requirements governing eligibility for the Safety Valve, these amendments apply only to a conviction entered on or after December 21, 2018. Pub. L. No. 115-391, § 402(b), 132 Stat. 5194, 5221 (2018). Thus, Section 402 does not apply to Nunez because she was sentenced on September 15, 2017.

Moreover, the amendment left in place the other prerequisites to relief under the safety valve provision—including the following conditions relevant here: (1) "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon"; (2) "the offense did not result in death or serious bodily injury to any person"; (3) "the defendant was not an organizer, leader, manager, or supervisor of others in the offense"; and (4) prior to sentencing, the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(2), (4), (5). According to Nunez's PSR, law enforcement agents recovered a handgun from Nunez's residence at the time of her arrest. In fact, as pointed out by the Probation officer, prior to the discovery of the handgun, Nunez alerted agents to its presence and whereabouts, indicating that she was fully aware of the firearm and its location. Consequently, Nunez does not satisfy the second criteria of the Safety Valve because she possessed a firearm in connection with the drug-trafficking offense. 18 U.S.C. § 3553(f)(2).

Even if Nunez were sentenced today and the changes to the Safety Valve under the First Step Act were taken into consideration, she would still be ineligible for relief.

Nunez also asserts that she should not have received a firearm enhancement under U.S.S.G. § 2D1.1. Federal Rule of Criminal Procedure 32 sets forth the procedure by which a defendant can object to factual or other inaccuracies in the PSR. *See* FED. R. CRIM. P. 32(f)(1). Alleged substantive inaccuracies in a PSR may not be raised at this juncture because "complaints regarding the contents of a PSR must be raised before imposition of sentence." *United States v. Alexander*, 353 F. App'x 885, 885 (5th Cir. 2009), *cert. denied*, 559 U.S. 1017 (2010) (citing *United States v. Engs*, 884 F.2d 894, 895-897 (5th Cir. 1989)); *accord United States v. Jones*, 628 F. App'x 189, 190 (4th Cir. 2016); *see United States v. Laureti*, 859 F. App'x 490, 492 (11th Cir. 2021) (upholding the district court's determination that it lacked authority to make substantive modifications to the defendant's PSR which were untimely raised in a post-judgment motion).

In this case, prior to her sentencing hearing, Nunez filed a written objection to the two-level increase under § 2D1.1 set forth in the PSR, asserting that "there is no evidence that the defendant ever exhibited a weapon during the conspiracy." Probation addressed Nunez's objection in its Revised Final PSR, noting that the mere presence of a dangerous weapon is all that is needed to justify the two-level increase under § 2D1.1. At the sentencing hearing, Nunez withdrew her objection, and the court adopted the factual findings in the PSR and sentenced Nunez accordingly. Nunez cannot re-urge her withdrawn objection at this juncture, more than four years after the entry of her judgment of conviction.

Nunez's grounds for modification of her prison sentence fail to fall into any of the above-listed categories. Therefore, the court does not have the authority to alter her sentence. *See*

*Varner*, 948 F.3d at 253 (finding that the district court lacked jurisdiction to entertain a motion to correct or change a sentence unless it fell into one of the recognized categories of post-conviction motions set forth in FED. R. CRIM. P. 35 or 36 or in 18 U.S.C. § 3582(c)); *United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (holding that "[t]he district court is prohibited from modifying a term of imprisonment once it has been imposed except in certain limited circumstances") (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *accord United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) ("A district court lacks the inherent authority to modify a term of imprisonment."); *United States v. Ellis*, No. CR 15-124, 2020 WL 5073562, at *1 (E.D. La. Aug. 26, 2020) (same); *United States v. Wells*, No. 3:99-CR-112, 2011 WL 5027476, at *2 (N.D. Tex. Sept. 27, 2011) (stating that the court did not have the power to remove defendant's sentencing enhancement several years after the judgment was imposed); *United States v. Williams*, No. CR93-10012, 2009 WL 4432379, at *5 (W.D. La. Oct. 13, 2009), *aff'd*, 425 F. App'x 278 (5th Cir. 2011) (recognizing that a district court does not have "'inherent authority' to correct a perceived error in the application of the sentencing guidelines"). A prisoner may not "relitigate sentencing issues or challenge the appropriateness of his original sentence in a § 3582(c)(2) proceeding." *United States v. Davis*, 697 F. App'x 266, 266 (5th Cir. 2017); *United States v. Dowl*, No. 08-164, 2012 WL 910090, at *2 (E.D. La. Mar. 16, 2012) ("A motion filed under Section 3582(c)(2) 'is not the appropriate vehicle' for relitigating issues that could have been raised at sentencing." (citing *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994))). Thus, Nunez's motion to modify her sentence is dismissed for lack of jurisdiction.

III.   Conclusion

In accordance with the foregoing analysis, Nunez's *pro se* Petition for Safety Valve Provision 18 U.S.C.S. § 3553(f) Sentence Reduction Pursuant to the First Step Act 18 U.S.C.S. § 3582(c)(1)(B) (#141) is DISMISSED.

SIGNED at Beaumont, Texas, this 24th day of November, 2021.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE